IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAMARIUS T. TURNAGE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civ. No. 15-696-SLR ) |
| WARDEN BILL OETTEL, et al., | ) ) |
| Defendants. | ) ) |

**MEMORANDUM**

1. **Background.** Plaintiff, an inmate at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983. He proceeds pro se and has been granted leave to proceed in forma pauperis.

2. **Standard of Review.** A federal court may properly dismiss an action sua sponte under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than

formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

3. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

4. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

5. A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has

substantive plausibility. See Johnson v. City of Shelby, ___U.S.___, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. See id. at 346. When determining whether dismissal is appropriate, the court must take three steps: "(1) identify[] the elements of the claim, (2) review[] the complaint to strike conclusory allegations, and then (3) look[] at the well-pleaded components of the complaint and evaluat[e] whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

6. **Discussion**. Plaintiff alleges that when he and inmate Steven Dennis ("Dennis") were in the dining room on October 15, 2013, Dennis called plaintiff a snitch and threatened to beat him, all in the presence of defendants Lt. Kelly ("Kelly"), Sgt. West ("West"), Cpl. Bridhop ("Bridhop"), Cpl. Jones ("Jones"), and Cpl. Gariel ("Gariel"). Ten minutes after leaving the dining room, Dennis attacked and beat plaintiff with broom sticks. Plaintiff was hospitalized for three days as a result of the attack.

7. **Respondeat Superior**. Plaintiff names Warden Bill Oettel ("Oettel") as a defendant, but there are no allegations directed towards him. The Third Circuit has reiterated that a § 1983 claim cannot be premised upon a theory of respondeat superior and that, in order to establish liability for deprivation of a constitutional right, a party

3

must show personal involvement by each defendant. *Brito v. United States Dep't of Justice*, 392 F. App'x 11, 14 (3d Cir. 2010) (unpublished) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998)). Because there are no allegations directed against Oettel, the court will dismiss him as a defendant pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and 28 U.S.C. § 1915A(b)(1).

8. **Investigation**. Plaintiff describes defendant St. Lt. King ("King") as the individual who investigated the assault, but raises no claim against him. Hence, the claim fails. In addition, King had no mandatory duty to investigate and pursue the prosecution of the individual who assaulted plaintiff. *See Schaeffer v. Wilson*, 240 F. App'x 974, 976 (3d Cir. 2007) (unpublished) (citing *Inmates of Attica Corr. Facility v. Rockefeller*, 477 F.2d 375, 382 (2d Cir. 1973) (holding inmates failed to state a claim against state officials for failing to investigate or prosecute civil rights violations). Accordingly, the claims against King will be dismissed as frivolous granted pursuant to 28 U.S.C. § 1915(e)(2)(b)(i) and § 1915A(b)(1).

9. **Request for counsel**. Plaintiff seeks counsel on the grounds that he is unable to afford counsel, his imprisonment greatly limits his ability to litigate; the issues are complex and will require significant research and investigation, he has limited access to the law library and limited knowledge of the law, a trial will likely involve conflicting testimony, counsel is better able to present evidence and cross-examine witnesses, and he has made repeated attempts to obtain a lawyer. (*See* D.I. 5)

10. A pro se litigant proceeding in forma pauperis has no constitutional or statutory right to representation by counsel.[1] See Brightwell v. Lehman, 637 F.3d 187, 192 (3d Cir. 2011); Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. Tabron, 6 F.3d at 155. After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel, including:

> (1) the plaintiff's ability to present his or her own case;
> (2) the difficulty of the particular legal issues; (3) the degree
> to which factual investigation will be necessary and the ability
> of the plaintiff to pursue investigation; (4) the plaintiff's capacity
> to retain counsel on his own behalf; (5) the extent to which a
> case is likely to turn on credibility determinations; and
> (6) whether the case will require testimony from expert witnesses.

Tabron, 6 F.3d at 155-57; accord Parham v. Johnson, 126 F.3d 454, 457 (3d Cir. 1997); Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002).

11. Assuming, solely for the purpose of deciding this motion, that plaintiff's claims have merit in fact and law, several of the Tabron factors militate against granting his request for counsel. At present, plaintiff's filings indicate that he possesses the ability to adequately pursue his claims. In addition, the issues raised are not complex. Finally, this case is in its early stages and defendants have yet to be served. Upon consideration of the record, the court is not persuaded that representation by an attorney is warranted at this time. The court can address the issue at a later date

---

[1] See Mallard v. United States Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request.".

5

should counsel become necessary. Therefore, the court will deny the request without prejudice to renew.

12. **Conclusion**. For the above reasons, the court will: (1) deny without prejudice to renew plaintiff's request for counsel (D.I. 5); (2) dismiss defendants Oettel and King pursuant to 28 U.S.C. § 1915(e)(2)(b)(i) and § 1915A(b)(1) as the claims raised against them are frivolous; and (3) allow plaintiff to proceed against remaining defendants Kelly, West, Bridhop, Jones, and Gariel. A separate order shall issue.

Dated: October 26, 2015

UNITED STATES DISTRICT JUDGE